**RECORD NO. 14-4453**

In The

# United States Court Of Appeals

### For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

v.

## TONY HUMPHREY,

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
AT CHARLOTTE**

_____

### BRIEF OF APPELLANT

_____

Steven T. Meier
MEIER LAW
1401 East Seventh Street, Ste. 200
Charlotte, North Carolina  28204
(704) 333-3456 – Telephone

*Counsel for Appellant*

GibsonMoore Appellate Services, LLC
421 East Franklin Street ♦ Suite 230 ♦ Richmond, VA 23219
804-249-7770 ♦ www.gibsonmoore.net

TABLE OF CONTENTS

PAGE:

TABLE OF AUTHORITIES ................................................................................ ii

STATEMENT OF SUBJECT MATTER AND
   APPELLATE JURISDICTION .................................................................... 1

STATEMENT OF ISSUES ................................................................................. 1

STATEMENT OF THE CASE ............................................................................ 1

SUMMARY OF ARGUMENTS ......................................................................... 2

ARGUMENT ....................................................................................................... 3

    1.    THE DISTRICT COURT COMMITTED REVERSIBLE
         ERROR BY IMPOSING A SUBSTANTIVELY
         UNREASONABLE SENTENCE UPON MR. HUMPHREY ............. 3

        STANDARD OF REVIEW ................................................................... 3

        DISCUSSION OF ISSUE ..................................................................... 3

CONCLUSION .................................................................................................... 7

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

## TABLE OF AUTHORITIES

PAGE(S):

CASES:

*Anders v. California*,
   386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) ..................7

*Rita v. United States*,
   551 U.S. 338, 347, 127 S. Ct. 2456, 168 L. Ed. 2d 203 (2007) ......5

*United States v. Abu Ali*,
   528 F.3d 210 (4th Cir.2008) ...............................................................5

*United States v. Bartram*,
   407 F.3d 307 (4th Cir. 2005) ...............................................................3

*United States v. Carter*,
   601 F.3d 252 (4th Cir. 2010) ...............................................................3

*United States v. Hudson*,
   272 F.3d 260 (4th Cir. 2001) ...............................................................3

*United States v. Kinter*,
   235 F.3d 192 (4th Cir. 2000) ...............................................................3

STATUTES:

18 U.S.C. § 924(c) ........................................................................................2

18 U.S.C. § 3553(a) ..................................................................................5, 6

28 U.S.C. § 1291 ..........................................................................................1

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

This appeal is from a sentence announced at a hearing on May 27, 2014 and imposed in a judgment entered on June 4, 2014 against the defendant-appellant, Tony Humphrey. (Docket 85, Judgment) Mr. Humphrey filed a timely notice of appeal on June 6, 2014. (Docket 87, Notice of Appeal) This court has jurisdiction pursuant to 28 U.S.C. § 1291.

## STATEMENT OF ISSUES

1. WHETHER THE DISTRICT COURT IMPOSED A SUBSTANTIVELY UNREASONABLE SENTENCE BECAUSE OF MR. HUMPHREY'S LACK OF A CRIMINAL RECORD AND HIS SIGNIFICANT HISTORY OF MENTAL ILLNESS.

## STATEMENT OF THE CASE

In April 2012, Mr. Humphrey was involved in a series of armed robberies from businesses in the Charlotte, North Carolina area. In each location Mr. Humphrey threatened employees with a handgun. In one location he twice pointed the gun at an employee's head and pulled the trigger. The gun did not fire. (Docket 64, Presentence Investigation Report, p 6)

On July 17, 2012 the Grand Jury of the Western District of North Carolina issued a 16-count Indictment naming Mr. Humphrey and three co-defendants with multiple counts of Hobbs Act robbery, possession of a firearm during a robbery, and bank robbery and aiding and abetting. (Docket 3, Indictment) On January 8, 2013, Mr. Humphrey appeared before the Honorable David Keesler and entered a

1

plea of guilty pursuant to a plea agreement to Counts 1, 2, 3, 4, 6, 8, and 10. (Docket 35, Plea Agreement)

The case came on for a sentencing hearing before the Honorable Judge Frank Whitney on May 27, 2014. (Docket 100, Sentencing Hearing Transcript) During the hearing, Judge Whitney accepted the final presentence investigation report and noted that Mr. Humphrey had no prior convictions. Pursuant to the sentencing guidelines the court imposed a sentence of 87 to 108 months for the robberies in Counts 1, 3, 8, 10, and 6. "But in addition to that, the Court is required to give you mandatory consecutive sentences for Counts Two and Four; 7 years on the first 924(c) violation and 25 years on the second 924(c) violation...[s]o your guideline range is 87 to 108 months, plus seven years, plus 25 years consecutive." (Docket 100, Sentencing Transcript)

## SUMMARY OF ARGUMENTS

The presentence investigation report went into great detail regarding Mr. Humphrey's lengthy history of mental illness beginning as a small child. Given this history of instability, combined with his lack of a prior record and his remorse and attempts at rehabilitation while awaiting sentencing, Mr. Humphrey challenges whether his guilty plea was knowingly and voluntarily entered and whether the sentence imposed by the district court was substantively unreasonable.

2

# ARGUMENT

1. THE DISTRICT COURT COMMITTED REVERSIBLE ERROR BY IMPOSING A SUBSTANTIVELY UNREASONABLE SENTENCE UPON MR. HUMPHREY.

## STANDARD OF REVIEW

The standard of review in reviewing the district court's entry of a sentence is twofold. The district court's factual findings are reviewed for clear error but review is *de novo* with respect to legal interpretations of the Sentencing Guidelines. *United States v. Hudson*, 272 F.3d 260 (4th Cir. 2001); *United States v. Kinter*, 235 F.3d 192 (4th Cir. 2000). The Court reviews sentencing decisions for unreasonableness. *United States v. Bartram*, 407 F.3d 307 (4th Cir. 2005). *See also*, *United States v. Carter*, 601 F.3d 252 (4th Cir. 2010).

## DISCUSSION OF ISSUE

During the sentencing hearing Judge Whitney noted that the presentence report contained the "[m]ost extensive medical history I've ever seen in any presentence report." (Docket 100, Sentencing Transcript) Indeed, the provisions of the "Mental and Emotional Health" section of the presentence report were lengthy and detailed revealing an early diagnosis of Bi-Polar Disorder. He was hospitalized a number of times for self-destructive behaviors and suicidal ideation. Other diagnoses followed: Oppositional Defiant Disorder (ODD), Attention

3

Deficit Hyperactive Disorder (ADHD), and Intermittent Explosive Disorder. (Docket 64, Presentence Report, pp 18-21)

During this time Mr. Humphrey's parents had only sporadic involvement. They divorced when he was 9 or 10. His mother had a drug problem and his father was abusive. Because of this Mr. Humphrey was placed in a group home when he was ten years old. After that he when through a series of group homes during his childhood. He was eighteen when he committed these crimes. The records reviewed by the probation officer and noted in the presentence report stated that Mr. Humphrey "has a history of anger 'all of his life' and he could be explosive and/or impulsive, he got into fights often, he had multiple suspensions at school for fighting, he stole, ran away, and committed property destruction." (Docket 64, Presentence Report, p 20)

Following this lengthy and unsuccessful history of involvement with the mental health system, Mr. Humphrey's involvement with the juvenile system came to an end when he turned eighteen. He was living with his mother in Section 8 housing. Less than three months later he committed his first crime. Over the course of the next two weeks he and three co-defendants committed a series of armed robberies.

Pursuant to the plea agreement the parties agreed that the appropriate guideline range for the bulk of the offenses was 87 to 108 months. Judge Whitney

4

imposed a sentence at the low end of the range of 87 months. However, the two counts for use of a firearm resulted in mandatory consecutive sentences of seven and twenty-five years being imposed. The total sentence, therefore, was 471 months. (Docket 85, Judgment)

The district court properly calculated the guidelines range and imposed the minimum sentence possible. Clearly, it was procedurally reasonable. However, Mr. Humphrey asserts that imposing a forty-year sentence when he had a history of mental illness and no criminal history was substantively unreasonable.

This court has held that "a sentence located within a correctly calculated guidelines range is presumptively reasonable." *United States v. Abu Ali*, 528 F.3d 210, 261 (4th Cir.2008); *see also*, *Rita v. United States*, 551 U.S. 338, 347, 127 S. Ct. 2456, 168 L. Ed. 2d 203 (2007) (holding that "a court of appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines").

During sentencing the district court considered the factors in 18 U.S.C. § 3553(a). He stated to Mr. Humphrey that "your bipolar disorder probably had some contribution to your terrible misconduct. But to the extent it would be a basis for a variance downwardly, the Court disagrees. I do believe the low end sentence reflects - - recognizes what you did is terribly wrong and you are moving life in the right direction. I don't think a variance is justified because of a mental

5

disorder because the criminal conduct was just - - it was so awful." (Docket 100, Sentencing Transcript)

As noted above, however, Mr. Humphrey was first hospitalized at 10 years old and was diagnosed as having a serious mental health diagnosis as early as 11. The rest of his childhood was spent without the guidance of a parent, bouncing from one group home or hospital to another. There was evidence that he was sexually abused by an Aunt when he was seven and physically abused by his father. (Docket 64, Presentence Report, p 21)  He had an eighth grade education and began using marijuana when he was 16 years old.  Despite this horrible upbringing Mr. Humphrey had a criminal history score of zero. (Docket 64, Presentence Report, p 15)

Judge Whitney properly classified his crimes as "terrible." He terrorized the victims of each of his crimes. During the Sonic Drive-In robbery on April 6, 2012 he pulled the trigger twice. (Docket 64, Presentence Report, p 6)  The gun was never recovered so we will never know if it malfunctioned or was not loaded.

The purpose of 18 U.S.C. § 3553(a), however, is to fashion a sentence sufficient, but not greater than necessary, to accomplish the goal of sentencing. Mr. Humphrey respectfully asserts that the sentence in this case - which is the product not only of the court's application of the sentencing guidelines but also of

6

the application on two mandatory minimums - results in a sentence disproportionate with his history, his potential for rehabilitation and the offenses.

## CONCLUSION

In accordance with the requirements of the decision of the United States Supreme Court in *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), appointed counsel for the defendant has reviewed both the facts and legal issues in the sentencing.

It is counsel's opinion that there are no legal issues that were not properly raised or disposed of by the trial court, and that there are no grounds for an appeal in this case to the Court of Appeals.

It is requested that the Court conduct an independent review of the record pursuant to Anders, supra to determine whether the case is "wholly frivolous."

A copy of this brief is being served upon the defendant.

    RESPECTFULLY SUBMITTED
    TONY HUMPHREY

    /s/Steven T. Meier
    Steven T. Meier
    Meier Law
    1401 East 7th Street
    Charlotte, NC 28204
    (704) 333-3456

    *Counsel for Appellant*

CERTIFICATE OF COMPLIANCE WITH RULE 32(a)
Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

    this brief contains <u>1,479</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    this brief has been prepared in a proportionally spaced typeface using <u>Microsoft Word</u> in <u>14 point Times New Roman</u>.

/s/ Steven T. Meier
Steven T. Meier

*Counsel for Appellant*

Dated: October 2, 2014

CERTIFICATE OF FILING AND SERVICE

I hereby certify that on October 2, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Amy E. Ray
OFFICE OF THE
  UNITED STATES ATTORNEY
United States Courthouse
100 Otis Street
Asheville, NC  28801
(828) 271-4661

*Counsel for Appellee*

I further certify that one copy of the brief was mailed to the Defendant at his last known address of:

Tony Humphrey, #27649-058
USP Hazelton
US Penitentiary
PO BOX 2000
Bruceton Mills, WV  26525

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

/s/ Shelly N. Gannon
Shelly N. Gannon
GIBSON MOORE APPELLATE SERVICES, LLC
421 East Franklin Street, Suite 230
Richmond, VA  23219